280 So.2d 858 (1973)
Joseph N. TRAIGLE, Collector of Revenue, Plaintiff and Appellant,
v.
AMI, INC., et al., Defendants and Appellees.
No. 4216.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1973.
Rehearing Denied August 15, 1973.
Writ Refused September 26, 1973.
*859 David L. Dawson, Baton Rouge, for plaintiff-appellant.
James C. Downs, Frank R. Bolton, Jr., Alexandria, for defendants-appellees.
Before FRUGÉ, MILLER, and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
On May 30, 1968, Payne-Gravel Corporation granted AMI, Inc. a written lease on real property owned by the former in the city of Alexandria, Louisiana, for a period of three years at a stipulated rent of $3,000.00 per month. On the same date Payne-Gravel Corporation executed a written assignment of the rental payments due it by AMI, Inc. to Fireside Commercial Insurance Company and Fireside Mutual Life Insurance Company, hereinafter termed Fireside. AMI, Inc. was given a copy of the assignment and began paying the rent to Fireside. The lease was recorded on that same date in the records of the Clerk of Court for Rapides Parish, Louisiana, but the assignment was not so recorded until August 3, 1970.
The Collector of Revenue of the State of Louisiana assessed Payne-Gravel for Louisiana Income and Corporation Franchise taxes in the amount of $7,755.18 for the years 1968, 1969, and 1970. Pursuant to the assessment the Collector recorded a lien against Payne-Gravel Corporation on July 3, 1970, and ultimately filed suit against AMI, Inc. seeking recovery of the aforementioned rental payments from it in an amount sufficient to cover the taxes due, plus penalties, interest and attorney fees. The latter resisted on the ground that it was bound by the assignment to pay that rent to Fireside, and on the day set for the hearing the attorney for the Collector moved to dismiss the suit without prejudice.
The present suit, against AMI, Inc. and in the alternative against Fireside, was filed on October 24, 1972, nearly a year and a half after the expiration of the lease, by the Collector, seeking essentially the same relief prayed for in the former suit. AMI, Inc. and Fireside answered denying the Collector's allegations, and plead laches in the alternative. The facts were stipulated to by all parties, and after hearing the arguments of counsel the District Court rendered judgment dismissing the Collector's suit at his costs. He appealed to this court.
As the facts were all stipulated we are left with only the legal issues of whether *860 assignments of rental payments due for the lease of real estate must be recorded in order to affect third parties; and if so, whether the doctrine of laches is applicable to the facts of this case.
Plaintiff relies heavily on Louisiana Civil Code Art. 2266 which in pertinent part provides that:
All sales, contracts and judgments, affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto. The recording may be made at any time, but shall only affect third persons from the time of the recording.
That article refers back to Civil Code Articles 2264-2265 which have to do with notarial acts, sales, marriage contracts, and judgments affecting immovable property.
We have been cited but one case which deals with those Civil Code Articles insofar as they may be applicable to an assignment of rental payments, and have been unable to discover any other in the jurisprudence of this State. In Hamilton Co. v. Hughes, (La.App.2nd Cir. 1932) 141 So. 398, the Court was asked to determine whether a seizing creditor was entitled to rent paid to an assignee of non-negotiable rent notes while the immovable property was under seizure. As in the case at bar, the assignment was unrecorded, and the plaintiff relied on La.Civil Code Articles 2264-2266 in arguing that it therefore had a right to the rental payments. The court rejected plaintiff's arguments with the statement that:
We also think that so long as the contract [of lease] was of record there was no necessity for placing of record the assignment of the notes. Because a contract of lease, in order to be effective against third persons, must be recorded, it does not necessarily mean that an assignment of the rentals or rights under the lease must be recorded. The rights under the contract, or the rents due or to become due thereunder, do not fall under the class with immovables, hence the laws of registry do not apply. Such rights are heritable, incorporeal, and, under Civ.Code, art. 2009, may be assigned, and we think, without necessity of registry of the assignment.
Plaintiff's attempt to distinguish the Hamilton case on the basis that in Hamilton the assignment was of rent notes, whereas in the case at bar it was rent that was assigned, is unavailing, as in Hamilton the court also said:
We have been unable to find any decision, and have been cited to none, which enables a seizing creditor under a mortgage posterior to a recorded lease to recover rents accrued during the period of seizure, which had been assigned in notes or otherwise by the lessor to and held at the time by a third person. We think the tenant under such circumstances is justifiable under the law of registry in paying his rent obligation into the hands of such third party and that party may rightfully demand and receive payment. (Emphasis ours)
We are in agreement with the holding of the Hamilton case, for we regard the right to receive rental payments as being an incorporeal movable right. La.Civil Code Articles 460, 470, 474, 475, Yiannopoulous, Louisiana Practice, Volume I, Civil Law of Property, § 60, p. 179. Such a right is therefore not subject to the laws of registry and La.Civil Code Article 2266 is inapplicable. We further opine that the assignment of such a right is effective as regards third persons upon the giving of notice to the debtor, which in this case was done as soon as the assignment was made. LSA-C.C. Art. 2643. Accordingly, we concur in the trial court's conclusion that the Collector of Revenue cannot take precedence over the previously completed assignment of rental payments, and that therefore his suit must be dismissed.
*861 Having reached the foregoing conclusion we need not treat the question of laches.
For the above and foregoing reasons the judgment of the District Court is affirmed, with plaintiff-appellant to pay all costs properly assessable to him under law. LSA-R.S. 13:4521.
Affirmed.